## WHITE *v.* LAMAR.

1. An action for cancellation of a deed can not be maintained against one who is not a grantee therein and who has no interest in the property which the deed purports to convey.

2. The fact that one may have been concerned and participated in the wrongful and fraudulent procurement of the paper sought to be cancelled does not affect or vary the rule just stated.

3 The judge of the superior court properly sustained the demurrer, striking from the action as a party defendant one alleged to be a conspirator in the fraud by which a deed was wrongfully procured, but who was not a grantee in such deed.

No. 6045. DECEMBER 14, 1927.

Equitable petition. Before Judge Humphries. Fulton superior court. May 2, 1927.

*J. N. Johnson,* for plaintiff.      *H. W. McLarty,* for defendant.

RUSSELL, C. J. Robert White brought an action against Edna Mae Fambro, praying for cancellation of a deed which had been executed and delivered to her and which it was alleged had been obtained by fraud. In this action he joined W. T. Lamar as a

Cancellation of Instruments, 9 C. J. p. 1229, n. 35.
Pleading, 31 Cyc. p. 657, n. 1, 2.

codefendant. Upon demurrer the trial court struck the name of Lamar as a defendant, and exception is taken to this judgment.

We are of the opinion that the judgment of the trial court was right and in accordance with law. No title had been conveyed to Lamar, and therefore as to him there was no deed. The petition contained a prayer that pending the final disposition of the suit the defendants be restrained and enjoined from signing any papers conveying, encumbering, or attempting to convey or encumber the property described in the petition, and from attempting to change in any manner the status; but Lamar having no title, the injunction as to him was unnecessary and would be futile, because the pendency of the suit against Edna Mae Fambro, to whom the petitioner had executed the deed, would afford a sufficient warning to any would-be purchaser against accepting a deed from Lamar, since he could only derive title through the minor Edna Mae Fambro, whose only muniment of title is attacked in the petition on the ground that it was obtained by fraud. Upon the filing of the demurrer based upon the ground that no cause of action was set out against W. T. Lamar, and upon the special ground that there was a misjoinder of parties defendant, in that the suit was brought for cancellation of a deed to which the defendant was not a party, and upon the ground that no relief was prayed against the defendant, who had no interest in the property sued for, the plaintiff amended his petition by alleging a conspiracy between the two defendants, and that the misrepresentations stated in the original petition were made as the result of this conspiracy and with intent to defraud petitioner of his property; that both of the defendants were present when the misrepresentations were made, and each of the defendants acquiesced in all of the misrepresentations that were made; and that by reason of these misrepresentations the plaintiff had been put to the expense of employing an attorney, $50 of which had been paid, which expense was due to the defendant acting in bad faith. After the filing of the amendment the defendant renewed his original demurrer and demurred also to the amendment. The demurrers were sustained.

The amendment offered could not cure the defect in the original petition. In the original petition the misrepresentation alleged to have been the fraud by which the petitioner was induced to execute the deed to Edna Mae Fambro was as follows: Robert

White had married the mother of Edna Mae Fambro. By this marriage he had become the father of a son. His wife had left his home and carried the son with her. Edna Mae Fambro and W. T. Lamar told the petitioner that his wife had left him because she thought he ought to make a deed conveying a half interest in his home to her and his son, and that she would return to him if such a deed were executed and delivered to her. The petitioner agreed to execute and deliver such conveyance, and instructed Edna Mae Fambro and W. T. Lamar to have such a deed drawn and he would sign it. They reported to him that they had complied with his request, and pretended to read him a paper drawn just as he desired it, conveying an undivided half interest in his home to his wife and his son; and thereupon he signed the paper which the defendants had pretended to read to him, he being unable to read or write. The paper was properly attested. Later he discovered that the paper he had signed, instead of being a deed to his wife and son conveying an undivided half interest in the house and lot, was a deed conveying the entire property to Edna Mae Fambro, his stepdaughter. The foregoing allegations may afford sufficient basis for the cancellation of the deed to Edna Mae Fambro; but, as already stated, W. T. Lamar could not be a party to a proceeding for cancellation, because no deed has been executed to him, and an allegation that there was a conspiracy to procure the execution of the deed, even if there were an allegation of sufficient facts to show conspiracy, would not serve to make Lamar a proper party in the proceeding for cancellation of the deed in question, or afford a basis in this action for the award of attorney's fees against him. While attorney's fees are allowed under the provisions of the Code, § 4392, they can not be recovered of any one except a proper party in the cause.

*Judgment affirmed.   All the Justices concur.*